**UNITED STATES of America**

v.

**Faye S. REINKE and Glenn L. Rois**

**No. 99–CR–215(JMR).**

United States District Court,
D. Minnesota.

Oct. 24, 2000.

Katherine Menendez, Federal Public Defender, Minneapolis, MN, for Glenn L Rois.

Dean Stuart Grau, Grau Law Office, Minneapolis, MN, for Faye S Reinke.

Faye S Reinke, Sacred Heart, MN, pro se.

Henry Joseph Shea, III, U.S. Attorney, Minneapolis, MN, Christopher J Romano, James M Hanley, U.S. Dept of Justice, Tax Division, Washington, DC, for U.S.

ORDER

ROSENBAUM, District Judge.

On August 3, 1999, the defendants were jointly indicted on charges of conspiracy to defraud an agency of the United States. The same Indictment charged defendant Glenn L. Rois with four counts of making and subscribing a false tax return. On June 1, 2000, after trial by jury, the defendants were convicted on all charges.

The evidence at trial conclusively demonstrated that the defendants were engaged in a scheme to sell fraudulent trusts designed to frustrate the Internal Revenue Service ("IRS") in computing and collecting income taxes. The primary consumers of defendants' trust documents were midwestern farmers and self-employed individuals. In the course of their efforts, among other activities, defendants helped their customers secure fraudulent taxpayer identification numbers ("TINS"), falsely subscribed documents, and assisted in finding tax preparers who would prepare the trust tax returns.

During the course of the trial, the defendants filed and mailed to the Court vast numbers of the kinds of pro se submissions frequently seen in criminal tax prosecutions. The docket reflects these submissions. Among them were lawsuits directed against the undersigned, as well as the Clerk of Court. The Court has—perhaps unfortunately—become familiar with submissions of this nature. Notwithstanding the volume of these submissions and their general unfriendly tone, the Court has never felt compelled to concern itself with them in making any of its sentencing decisions.

The Court, here, departs from its established practice of allowing tax prosecution defendants to file spurious, sometimes-contumacious, self-styled pleadings and declarations without penalty. It does so, because these defendants have crossed the line from quasi-legitimate dissent and oppositionism, to a wrongful and censurable harassment of the Court's non-litigation

personnel. In this Court's view, they have moved into that realm, lying beyond the heartland, where their behavior warrants an increased penal sanction.

The Court feels constrained to include this Order to record its reasons for invoking either the United States Sentencing Guideline for Obstruction of Justice, or alternatively, for using the device of an upward departure premised upon defendants' conduct in authoring and sending a particular document, sent not to the Court, but to the United States Probation Officer who prepared the Pre–Sentence Investigation report ("PSI").

After· conviction, the Court directed the Probation Office to prepare a PSI regarding each defendant prior to sentencing. Pursuant to this instruction, a fairly standard PSI was prepared in orderly course. The Probation Officer simply performed her regular duty. As is standard, the PSI was provided to each defendant and their respective counsel. Each lawyer replied with the type of submissions which have become customary in Guideline sentencing proceedings.

At this point, however, the defendants' behavior moved beyond the heartland. Each sent the Probation Officer a letter, in substantially similar form, personally "assessing" against the Probation Officer a sum of money equal to the tax-loss resulting from each defendant's activity in the counts of conviction. Beyond this, each defendant returned their respective PSIs to the probation officer, each page of which was stamped with a legal-looking declaration appearing to invoke some governmental authority, in the uncomprehensible form often seen in criminal tax prosecutions.

The probation officer was understandably upset at being somehow held to answer in dollar terms for the criminal behavior of two convicted tax defendants. There is no justification which can be offered to excuse harassing and essentially threatening this Officer or her personal financial security. The defendants' behavior, in harassing a Court employee who merely performed her required governmental function, is a wrongful act, justifying the imposition of a penal sanction.

## The Sanction

### A. Guideline Sanction

The Court imposed a two-level enhancement for obstruction of justice, pursuant to Guideline § 3C1.1, against each defendant. *Federal Sentencing Guidelines* § 3C1.1. (*"Guidelines"*). The Court recognizes § 3C1.1's terms do not precisely define the offensive behavior encountered here. On the other hand, the Court finds defendants' conduct was indeed intended to "impede or obstruct the administration of justice." *Guidelines,* § 3C1.1. It occurred "during the course of the investigation, prosecution or sentencing" of the defendants' "offense of conviction," *see id.* § 3C1.1, n. 1(A), and is inextricably related to each defendant's offense of conviction. *Id.,* § 3C1.1, n. 1(B).

The Court finds that when Court officers who are performing Court-ordered duties are harassed, it is tantamount to obstruction of justice. *See also Guidelines,* § 3C1.1, n. 3 (stating that "the conduct to which this adjustment applies is not subject to precise definition"). The defendants' conduct most closely approximates § 3C1.1's Application Note 4(a), which states that the·obstruction of justice adjustment applies to any conduct that is threatening or intimidating a "co-defendant, witness or juror, directly or indirectly, or attempting to do so." *Id.,* n. 4(a). Defendants' conduct, in going behind the Court's processes and performing acts intended to intimidate or harass a Court officer performing her official duties, lies beyond the pale. For this reason, the defendants' acts warrant a two-level enhancement for obstruction of justice.

### B. Upward Departure

Whether or not the defendants' behavior warrants a Guideline-based enhancement,

the Court feels itself justified in departing upward, by invoking its discretionary power to do so when a case lies beyond the heartland. *See Guidelines* § 5K2.0; *Koon v. United States*, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). This is such a situation.

The Court, through long and not always pleasant experience, has seen many acts performed by parties who object to one or another of this Nation's laws—frequently, but not exclusively, its tax laws. Investigative agents have received troublesome communications. Similar missives have been sent to the Court and to prosecutors. Spurious lawsuits are not at all uncommon. Tacky, boring, nettlesome, and tedious as these may be, they are at least nominally part of the investigative, trial, and prosecutive rubric. The defendants are unhappy, and are—at least in some fashion—protesting against the process. This Court considers this behavior to be, at least nominally, a "part of the process."

Such behavior should be, and for the purposes of the present case, is distinguished from blunderbuss acts of harassment directed against those who simply help execute the Court's orderly functions. They are not prosecutors or judges; they are people doing their work in aid, not just of the prosecutors and judges ... but frequently of criminal defendants, themselves. The defendants' behavior is objectively wrongful, and justifies the two *Guideline* level upward departure.

In all other regards, the Court's comments, issued during the sentencing hearing, stand as its justification for the sentenced imposed on each defendant.